**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| BYTEWEAVR, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CLOUDERA, INC.,<br><br>*Defendant.* | No. 1:24-cv-00261-RP<br><br>**JURY TRIAL DEMANDED** |
| CLOUDERA, INC.,<br><br>*Counterclaim-Plaintiff,*<br><br>v.<br><br>BYTEWEAVR, LLC, AI-CORE TECHNOLOGIES, LLC a.k.a. AI CORE TECHNOLOGIES LLC; ASCEND INNOVATION MANAGEMENT, LLC; ASCEND IP, LLC; MIND FUSION, LLC; and REPUBLIC REGISTERED AGENT, LLC a.k.a. REPUBLIC REGISTER AGENT, LLC,<br><br>*Counterclaim-Defendants.* | |

**CLOUDERA, INC.'S OPPOSED MOTION TO STAY**

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 4 |
|   | A. A Stay Will Avoid Needless Discovery and Expense | 4 |
|   | B. A Stay Will Allow Time for All Parties to Appear and Participate in Discovery | 6 |
|   | C. Byteweavr Will Not Be Prejudiced by a Stay, Whereas Cloudera Will Be Prejudiced Without One | 6 |
| V. | CONCLUSION | 7 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ................................................................................................4

*Baldwin v. Office of Injured Employee Counsel*,
   No. 1:19-cv-454-RP, 2019 WL 13254070 (W.D. Tex. Sept. 5, 2019) ......................................4

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
   559 F.3d 1308 (Fed. Cir. 2009) ................................................................................................5

*Cybergenetics Corp. v. Inst. of Env't Sci. & Rsch.*,
   No. 5:19-CV-1197, 2020 WL 564217 (N.D. Ohio Jan. 27, 2020) ...........................................6

*J.A. b/n/f Alvarez v. Tex. Educ. Agency*,
   No. 1:19-CV-921-RP, 2020 WL 3270834 (W.D. Tex. June 17, 2020) ....................................3

*Landry v. Airline Pilots Ass'n Int'l AFL-CIO*,
   901 F.2d 404 (5th Cir. 1990) ....................................................................................................3

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
   No. CV H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) ...........................................7

*Serafine v. Abbott*,
   No. 1:20-CV-1249-RP, 2021 WL 3616102 (W.D. Tex. May 12, 2021) ..................................3

*SiRF Tech., Inc. v. Int'l Trade Com'n*,
   601 F.3d 1319 (Fed. Cir. 2010) ................................................................................................5

*ThinkLogix, LLC v. Crestron Electronics, Inc.*,
   Case No. 4:23-cv-844-SDJ (E.D. Tex.) ...................................................................................6

*Wiesel v. Apple Inc.*,
   No. 19CV7261JMAJMW, 2021 WL 5038764 (E.D.N.Y. Oct. 29, 2021) ...............................7

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
| --- | --- |
| Am. Compl. | Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 22) |
| Byteweavr | Byteweavr, LLC |
| Cloudera | Cloudera, Inc. |
| Counterclaims | Cloudera, Inc.'s Answer and Defenses to First Amended Complaint and Counterclaims for Declaratory Judgment, Unfair Competition & Civil Conspiracy (Dkt. 26) |
| Mot. to Dismiss | Cloudera Inc.'s Motion to Dismiss the Complaint (Dkt. 14) |
| Mot. to Dismiss Am. Compl. | Cloudera, Inc.'s Motion to Dismiss the Amended Complaint (Dkt. 25) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
| --- | --- |
| Am. Compl. | Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 22) |
| Byteweavr | Byteweavr, LLC |
| Cloudera | Cloudera, Inc. |
| Counterclaims | Cloudera, Inc.'s Answer and Defenses to First Amended Complaint and Counterclaims for Declaratory Judgment, Unfair Competition & Civil Conspiracy (Dkt. 26) |
| Mot. to Dismiss | Cloudera Inc.'s Motion to Dismiss the Complaint (Dkt. 14) |
| Mot. to Dismiss Am. Compl. | Cloudera, Inc.'s Motion to Dismiss the Amended Complaint (Dkt. 25) |

**I.     INTRODUCTION**

Cloudera respectfully requests that the Court stay discovery and the entry of a scheduling order pending (1) the resolution of Cloudera's motion to dismiss and (2) the close of the pleadings with respect to the counterclaim defendants that Cloudera joined to this case.  This is an unusually compelling case for a stay.  The resolution of the motion to dismiss is certain to narrow the issues for which discovery is required, and the appearance of the counterclaim defendants will permit that discovery to proceed in an orderly manner.  Moreover, there would be no prejudice from a stay, as Byteweavr is a non-practicing entity, and seven of the eight patents it is asserting are already expired.  Proceeding with discovery in this case at this stage would accomplish nothing other than needlessly waste the resources of Cloudera and this Court as the parties embark on costly discovery—and inevitable motion practice before the Court—on claims that could be readily eliminated through the resolution of Cloudera's pending motion to dismiss.

**II.    BACKGROUND**

Cloudera is a data management and analytics company that sells software.  Byteweavr is a non-practicing entity created to hold and assert patents previously held by the patent licensing entity, Intellectual Ventures.  On March 8, 2024, Byteweavr filed its Complaint against Cloudera asserting eight patents, seven of which had already expired.  Byteweavr only identified method claims from the expired patents because it knew that, under Federal Circuit law, should it assert system claims also, it would not be entitled to *any damages* for the expired patents.  *See* Mot. to Dismiss (Dkt. 14) at 3–4, 10–11, 18.  But Byteweavr could not plausibly allege that Cloudera's mere sale of software infringed method claims, because method claims require that the defendant actually perform the steps of the method, or at least perform most of them while a third-party under its direction and control performs the remainder.  *See id.* at 13–15.  Therefore, Byteweavr

attempted to plead a theory of vicarious liability under which Cloudera could be held liable for its customers' alleged performance of the method through using the software. As Cloudera explained in its first Motion to Dismiss, that theory cannot be squared with Federal Circuit law. *See id.* at 15–17. Byteweavr also attempted to allege the usual theory a plaintiff would pursue to allege infringement through conduct of a defendant's customers—indirect infringement—but that theory required presuit knowledge of the asserted patents which Cloudera indisputably did not have. *See id.* at 12–13. Cloudera identified these flaws in its first Motion to Dismiss.

Rather than oppose, Byteweavr amended its complaint, dropping its indirect infringement claims but doubling down on its twisted and unsupportable theories of vicarious liability. In the Amended Complaint, Byteweavr also added allegations that Cloudera directly infringes the asserted method claims by allegedly performing all method steps through testing its products. In Cloudera's Motion to Dismiss the Amended Complaint, Cloudera again attacked Byteweavr's baseless vicarious liability theories of infringement that attempt to hold Cloudera liable for alleged infringement of method claims through the sale of software to customers. Mot. to Dismiss Am. Compl. (Dkt. 25) at 12–17. Cloudera also moved to dismiss Byteweavr's new theory that Cloudera can be liable for alleged pre-suit testing, given Byteweavr failed to plausibly allege facts to support its testing allegations, let alone link the alleged testing to the damages base that Byteweavr tries to capture—Cloudera's revenue from commercial sales to its customers. *See id.* at 18–19. Cloudera's motion to dismiss will be fully briefed by mid-July.

Following its Motion to Dismiss the Amended Complaint, filed on June 10, 2024, Cloudera then filed its answer, defenses, and counterclaims on June 12, 2024 (Dkt. 26). Cloudera asserts defenses and counterclaims against Byteweavr, and real parties in interest and counterclaim defendants AI-Core Technologies LLC, Ascend IP, LLC, Ascend Innovation Management, LLC,

2

Mind Fusion, LLC, and Republic Registered Agent, LLC. The newly added counterclaim defendants are alter egos of Byteweavr, and colluded with Byteweavr as part of a scheme to assert this meritless case against Cloudera while shielding all entities involved from any potential liability. Byteweavr was openly structured to avoid the potential negative repercussions that follow from filing a meritless patent case—an award of attorneys' fees under 35 U.S.C. § 285. *See* Counterclaims (Dkt. 26) at pp. 45–46, 60–62. Cloudera asserts declaratory judgment counterclaims against the counterclaim defendants, in addition to state law claims for unfair competition and civil conspiracy for their deceptive, unfair, and fraudulent scheme to assert bad faith, meritless, sham patent actions to extort licensing revenue based on the cost of litigation rather than the merit of the case, without being subject to liability for their actions. *See generally id.* pp. 112–18.

### III.  LEGAL STANDARD

The Court has the inherent power to stay discovery. Courts in the Fifth Circuit issue stays of discovery when a pending motion to dismiss could eliminate or substantially narrow the scope of discovery. *Landry v. Airline Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result.") (affirming protective order staying discovery). "To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020) (staying case pending a motion to dismiss); *see also Serafine v. Abbott*, No. 1:20-CV-1249-RP, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) (Pitman, J.) (quoting same). The Western District of Texas has stayed cases when engaging in "wide-ranging discovery before resolution of

Defendant's motion presents an unwarranted burden." *Baldwin v. Office of Injured Employee Counsel*, No. 1:19-cv-454-RP, 2019 WL 13254070, at *1 (W.D. Tex. Sept. 5, 2019) (staying case pending a motion to dismiss because it was substantially likely the case was going to "be dismissed or substantially narrowed").

IV.  **ARGUMENT**

    A.  **A Stay Will Avoid Needless Discovery and Expense**

Cloudera should prevail in full on its Motion to Dismiss the Amended Complaint. After dropping its indirect infringement theory following the filing of Cloudera's first motion to dismiss, Byteweavr now has three remaining theories of direct infringement. Byteweavr's pleading is deficient as a matter of law on all three of them. Should the Court so find and grant Cloudera's motion to dismiss, all seven expired patents will fall out of the case, resulting in a massive narrowing of discovery and issues in the case. But as discussed below, to the extent any survive, the resolution of the motion is highly likely to narrow and inform the scope of discovery.

Byteweavr's first two theories are far-fetched attempts to hold Cloudera liable for direct infringement based on the alleged acts of its customers. Byteweavr's first theory is that Cloudera may be vicariously liable for the alleged performance of the claimed method steps of the expired patents *by Cloudera's customers*. That theory simply does not work under *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015), under which a defendant can be liable for direct infringement if it performs some method steps and directs and controls the remainder. The Federal Circuit has never extended *Akamai* to find a seller, like Cloudera, liable for direct infringement based on its customers' alleged performance of all method steps. Under Byteweavr's second theory, Byteweavr alleges that Cloudera can be liable for direct infringement of the method claims because its software "is programed to execute" the method steps when used

4

by the customer.  Am. Compl. (Dkt. 22) ¶ 100; *see also id.* ¶ 35.  Byteweavr cites a Federal Circuit case for this theory, *SiRF Tech., Inc. v. Int'l Trade Com'n*, 601 F.3d 1319, 1324, 1329–31 (Fed. Cir. 2010), which the Federal Circuit has repeatedly declined to extend beyond its unique facts—all method steps in *SiRF* were performed on the defendant's servers, and the product was configured to automatically perform the final step in the hands of the customer without any active input from the customer.  That is not the case here.

Once these first two theories fail—as the law compels—Byteweavr loses avenues to seek discovery regarding Cloudera's customers.  Indeed, Byteweavr's third and final theory, newly pled in its Amended Complaint, is one of internal testing.  That theory is without support, as explained in Cloudera's motion to dismiss.  *See* Dkt. 25 at 18–19.  However, even if this theory were to survive, it would be directed to narrow and non-commercial internal activity.  Cloudera's sales activities, and the conduct of Cloudera's customers, would thus be *irrelevant* for the expired patents.  That would have a dramatic impact on the scope of discovery.

The outcome of Cloudera's motion to dismiss will provide clarity on the scope of the case in other ways, too.  For example, as Cloudera explained in its motion to dismiss, Byteweavr must plead, unequivocally, whether it is limiting its case to method claims only.  The only way Byteweavr can even purport to plead entitlement to pre-suit damages—the only damages available for seven of the eight patents—is by invoking *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009).  In *Crown Packaging*, the Federal Circuit recognized a narrow exception to the application of the patent marking statute, which would otherwise eliminate Byteweavr's ability to obtain pre-suit damages here—a patentee may be excused from a failure to comply provided that the patentee asserts only method claims.  *Id.* at 1317.  Cloudera has now raised this issue twice—in its motions to dismiss both the original and amended complaints—but

Byteweavr continues to use open-ended language with respect to which claims will be asserted in this case. An explicit confirmation that only method claims are at issue will define the scope of the case and the scope of discovery.

### B. A Stay Will Allow Time for All Parties to Appear and Participate in Discovery

As explained above, Cloudera has joined five real parties in interest to this case in its counterclaims. *See supra* at 2–3. On June 14, 2024, at the parties' Rule 26(f) Conference, Cloudera asked counsel for Byteweavr whether his firm would also represent the other counterclaim defendants. Several of these counterclaim defendants had been brought into another action through counterclaims as the real parties in interest before, when another one of their shell assertion entities, ThinkLogix LLC, asserted patents against Crestron Electronics. *See ThinkLogix, LLC v. Crestron Electronics, Inc.*, Case No. 4:23-cv-844-SDJ (E.D. Tex.). In that case, the same counsel appeared for the shell assertion entity *and* the counterclaim defendants. Yet, Byteweavr's counsel stated that his firm did not represent the counterclaim defendants, could not accept service on their behalf, and could not indicate whether the defendants would answer or move to dismiss. Cloudera's counterclaims are strong (*see supra* at 2–3; *see also* Dkt. 26 at pp. 64–119) and this case should not proceed until all parties have appeared and can participate in a discussion about case scheduling. This case cannot proceed in an orderly fashion until then, and a stay would provide time for the parties to all appear and for any motion practice, if necessary, to determine who the parties will be going forward.

### C. Byteweavr Will Not Be Prejudiced by a Stay, Whereas Cloudera Will Be Prejudiced Without One

Byteweavr would not be prejudiced by a stay. As an initial matter, the fact that nearly all the patents in this case have expired, and the one that has not expired has limited life left, alone would be sufficient to eliminate any claim of prejudice. *Cybergenetics Corp. v. Inst. of Env't Sci.*

*& Rsch.*, No. 5:19-CV-1197, 2020 WL 564217, at *2 (N.D. Ohio Jan. 27, 2020) (granting motion to stay and reasoning that because the patents were expiring soon, a stay would not prejudice the plaintiff). In any event, because Byteweavr and Cloudera are not competitors, a delay would not prejudice Byteweavr even for the patent that has not expired. *Wiesel v. Apple Inc.*, No. 19CV7261JMAJMW, 2021 WL 5038764, at *4 (E.D.N.Y. Oct. 29, 2021) (granting a stay when the parties were not competitors, and the patent had expired); *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. CV H-18-1517, 2018 WL 4901035, at *3 (S.D. Tex. Oct. 9, 2018) (granting a stay pending an IPR and reasoning that the prejudice would be minimal because the parties were not competitors).

Without a stay, Cloudera will be forced to incur the expense of defending against a meritless eight-patent case, putting at issue a wide range of accused functionalities of Cloudera's software and the alleged conduct of Cloudera's customers. It would be a waste of the parties' and the Court's resources to proceed now when there is a significant chance of proceeding later, after the ruling on the Motion to Dismiss, with a narrowed case and with all counterclaim defendants having appeared and fully participating in discovery on the same schedule as the other parties.

**V.      CONCLUSION**

For the reasons set out above, Cloudera respectfully requests that the Court stay discovery and the entry of a scheduling order pending (1) the resolution of Cloudera's motion to dismiss and (2) the close of the pleadings with respect to the counterclaim defendants that Cloudera joined to this case.

Dated:  June 21, 2024

Respectfully submitted,

*/s/ Paul E. Torchia*
Paul E. Torchia (*admitted*)
Brian A. Rosenthal (*admitted*)
Laura F. Corbin (*admitted pro hac vice*)
Eric Menist (*admitted*)
Jaclyn Hellreich (*admitted pro hac vice*)
Karl Kowallis (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035
ptorchia@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com
emenist@gibsondunn.com
jhellreich@gibsondunn.com
kkowallis@gibsondunn.com

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: 512.495.6300
Facsimile: 512.495.6399

*Attorneys for Defendant Cloudera, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on June 14, 2024, counsel for Cloudera conferred with Plaintiff's counsel regarding requested relief. On June 20, 2024, Plaintiff's counsel confirmed that the requested relief is opposed.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 21, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz