**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| BYTEWEAVR, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>CLOUDERA, INC.,<br><br>            Defendant.<br><br>------------------------------------------------------------<br><br>CLOUDERA, INC.,<br><br>            Counterclaim-Plaintiff,<br><br>    v.<br><br>BYTEWEAVR, LLC; AI-CORE<br>TECHNOLOGIES, LLC a.k.a. AI CORE<br>TECHNOLOGIES LLC; ASCEND<br>INNOVATION MANAGEMENT, LLC; and<br>ASCEND IP, LLC; MIND FUSION, LLC,<br><br>            Counterclaim-Defendants. | CIVIL ACTION NO. 1:24-cv-00261-RP<br><br>Jury Trial Demanded |

**<u>COUNTERCLAIM-PLAINTIFF CLOUDERA, INC.'S OPPOSITION TO
COUNTER-DEFENDANTS' MOTION TO DISMISS AMENDED
COUNTERCLAIMS OF CLOUDERA UNDER RULE 12(B)(6), 12(B)(1)</u>**

**Table of Contents**

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 2

   A.   ByteWeavr's Baseless Patent Infringement Claims ................................................ 2

   B.   Cloudera's Counterclaims ....................................................................................... 3

   C.   Cloudera's Amended Counterclaims ....................................................................... 5

III.   LEGAL STANDARDS .................................................................................................... 6

IV.   ARGUMENT .................................................................................................................... 6

   A.   Cloudera has Standing to Assert Its Declaratory Judgment Counterclaims ...................... 6

   B.   Cloudera's State Law Claims are Not Preempted and *Noerr-Pennington* Immune ........... 9

      1.   Cloudera's State Law Claims are Not Preempted .................................................... 10

      2.   *Noerr-Pennington* Does Not Bar Cloudera's State Law Claims ................................. 13

   C.   Cloudera Sufficiently Pled Unfair Competition and Civil Conspiracy ........................... 16

      1.   Cloudera Sufficiently Pled Unfair Competition with Additional Unlawful Acts and Additional, Separate Fraudulent Conduct ........................................................... 17

      2.   Cloudera Sufficiently Pled Conspiracy ................................................................. 20

V.    CONCLUSION ................................................................................................................. 20

## Table of Authorities

### Cases

*10x Genomics, Inc. v. Vizgen, Inc.*,
    654 F. Supp. 3d 310 (D. Del. 2023) .................................................................14

*A123 Sys., Inc. v. Hydro-Quebec*,
    626 F.3d 1213 (Fed. Cir. 2010) .................................................................7, 8

*Alfred E. Mann Found. v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010) ...................................................................7

*Andrx Pharms., Inc. v. Biovail Corp. Int'l*,
    256 F.3d 799 (D.C. Cir. 2001) ....................................................................14

*Baylor Scott & White v. Project Rose MSO, LLC*,
    633 S.W.3d 263 (Tex. App.--Tyler 2021) .................................................17

*In re Biovail Corp.*,
    No. C-4060 (F.T.C. Oct. 2, 2012) ..............................................................14

*Breckenridge Pharms, Inc. v. Metabolite Labs., Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006) ..................................................................11

*Charis Engr., LLC v. BCCK Engr., Inc.*,
    No. 23-CV-84, 2024 WL 2990548 (W.D. Tex. Feb. 14, 2024) ................6

*Chipman v. Nelson*,
    No. 11-cv-2770, 2013 WL 1007285 (E.D. Cal. Mar. 13, 2013) ..............14

*Christianson v. Colt Indus. Operating Corp.*,
    108 S. Ct. 2166 (1988) ...............................................................................10

*City of Columbia v. Omni Outdoor Advert., Inc.*,
    499 U.S. 365 (1991) ...................................................................................13

*Clerkin v. MyLife.com, Inc.*,
    No. 11-cv-00527, 2011 WL 3607496 (N.D. Cal. Aug. 16, 2011) ...........17

*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*,
    690 F.2d 1240 (9th Cir. 1982) ...................................................................14

*Concept Design Elecs. and Mfg., Inc. v. Duplitronics, Inc.*,
    52 F.3d 342 (Fed. Cir. 1995) ......................................................................11

*Constr. Cost Data, L.L.C. v. Gordian Grp., Inc.*,
    814 Fed. Appx. 860 (5th Cir. 2020) ...........................................................15

*Cont'l Ore Co. v. Union Carbide & Carbon Corp.*,
    370 U.S. 690 (1962) ...................................................................................14

*Databricks, Inc. v. Weisfield*,
   No. 24-cv-01417, Dkt. 1 (W.D. Wash., Sept. 6, 2024)............................................................3

*Dow Chem. Co. v. Exxon Corp.*,
   139 F.3d 1470 (Fed. Cir. 1998)............................................................................................11

*Eastern R.R. Presidents Conf. v. Noerr Mot. Freight, Inc.*,
   365 U.S. 127 (1961)............................................................................................................13

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
   114 F.3d 1547 (Fed. Cir. 1997)............................................................................................14

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
   889 F.3d 1291 (Fed. Cir. 2018)............................................................................................18

*FTC v. Shire ViroPharma Inc.*,
   No. 17-cv-131, 2018 WL 1401329 (D. Del. Mar. 20, 2018)................................................16

*Gleason Works v. Oerlikon Geartec*,
   AG, 141 F. Supp. 2d 334 (W.D.N.Y. 2001) ........................................................................12

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*,
   362 F.3d 1367 (Fed. Cir. 2004)......................................................................................11, 13

*Gundle Lining Const. Corp. v. Adams Cnty. Asphalt, Inc.*,
   85 F.3d 201 (5th Cir. 1996) ..................................................................................................8

*Holiday Matinee, Inc. v. Rambus, Inc.*,
   118 Cal. App. 4th 1413 (2004) ...........................................................................................10

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
   153 F.3d 1318 (Fed. Cir. 1998), *overruled on other grounds by Midwest*
   *Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999).................................10

*Kobe, Inc. v. Dempsey Pump Co.*,
   198 F.2d 416 (10th Cir. 1952) ............................................................................................14

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
   238 F.3d 363 (5th Cir. 2001) ..............................................................................................16

*Lone Star Silicon Innovs. LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019)............................................................................................7

*NAPCO, Inc. v. Landmark Tech. A, LLC*,
   555 F. Supp. 3d 189 (M.D.N.C. 2021) ...............................................................................16

*Nat'l Indus. Sand Ass'n v. Gibson*,
   897 S.W.2d 769 (Tex. 1995)...............................................................................................20

*In re Nexium (Esomeprazole) Antitrust Litig.*,
   968 F. Supp. 2d 367 (D. Mass. 2013) .............................................................................13, 14

*Nobelpharma AB v. Implant Innovs., Inc.*,
   141 F.3d 1059 (Fed. Cir. 1998)......................................................................................15, 19

*Nuance Commun., Inc. v. MModal LLC,*
No. 17-cv-1484, 2018 WL 6804488 (D. Del. Dec. 27, 2018), *report and recommendation adopted*, 2019 WL 181322 (D. Del. Jan. 11, 2019) ....................................14

*PhishMe, Inc. v. Wombat Sec. Techs., Inc.,*
No. 16-cv-403, 2017 WL 3821107 (D. Del., Aug. 31, 2017) .................................................11

*Pilot Inc. v. NOCO Co. Inc.,*
No. 20-cv-01452, 2021 WL 2188525 (D. Ariz. Feb. 12, 2021) ............................................12

*Prof. Real Est. Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,*
508 U.S. 49 (1993)...............................................................................................................14, 15

*Propat Int'l Corp. v. RPost,*
473 F.3d 1187 (Fed. Cir. 2007)...................................................................................................7

*U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.,*
193 F.3d 304 (5th Cir. 1999) ....................................................................................................17

*Saunders v. Superior Ct.,*
27 Cal. App. 4th 832 (1994) ...............................................................................................17, 18

*Southco, Inc. v. Fivetech Tech. Inc.,*
No. 10-cv-1060, 2011 WL 13137336 (E.D. Pa. Apr. 27, 2011)...............................................12

*SSP Partners v. Gladstrong Investments (USA) Corp.,*
275 S.W. 3d 444 (Tex. 2008)...................................................................................................8, 9

*Texas v. United States,*
523 U.S. 296 (1998).................................................................................................................10

*Thinklogix, LLC v. Crestron Elecs., Inc.,*
No. 23-cv-00844, Dkt. 12 (E.D. Tex., Dec. 4, 2023)................................................................3

*Tracy Anderson Mind & Body, LLC v. Roup,*
No. 22-CV-4735, 2022 WL 17670418 (C.D. Cal. Dec. 12, 2022) .........................................16

*True v. Robles,*
571 F.3d 412 (5th Cir. 2009) ......................................................................................................6

*United Mine Workers of Am. V. Pennington,*
381 U.S. 657 (1965)..................................................................................................................13

*United States v. Singer Mfg. Co.,*
374 U.S. 174 (1963)..................................................................................................................14

*Universal Entm't Corp. v. Aruze Gaming Am., Inc.,*
No. 18-cv-00585, 2020 WL 2840153 (D. Nev. May 30, 2020) ..............................................11

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003) ..................................................................................................16

*VirnetX, Inc. v. Microsoft Corp.*,
    2008 WL 8894682 (E.D. Tex. June 4, 2008)........................................................................7

*Wolf v. Cowgirl Tuff Co.*,
    No. 15-cv-1195, 2016 WL 4597638 (W.D. Tex. Sept. 2, 2016) .........................................16

**Statutes**

15 U.S.C. § 2 .........................................................................................................................14

15 U.S.C. § 18 .......................................................................................................................14

15 U.S.C. § 45 (FTC "Section 5") ...................................................................................18, 19

CA Bus. & Prof. Code § 17200 .............................................................................................17

CA Bus. & Prof. Code § 17204 .............................................................................................17

Tex. Bus. Org. Code § 1.002 .................................................................................................19

Tex. Bus. Org. Code § 5.201 .................................................................................................19

**Regulations**

37 C.F.R. § 3.54 ......................................................................................................................8

**Table of Abbreviations**

| Abbreviations | Subject / Reference |
|---|---|
| "AICT" | AI-Core Technologies LLC |
| "AIM" | Ascend Innovation Management, LLC |
| "AIP" | Ascend IP, LLC |
| "Asserted Patents" | Collectively, U.S. Patent Nos. 6,839,733; 7,949,752; 6,862,488; 6,965,897; 6,999,961; 7,082,474; 8,275,827; and RE42153 |
| "ByteWeavr" | ByteWeavr, LLC |
| "CC" or "Counterclaims" | Cloudera, Inc.'s First Amended Counterclaims Against Counterclaim Defendants (Dkt. 59, Aug. 22, 2024). |
| "Cloudera" | Cloudera, Inc. |
| "Counterclaim-Defendants" | Collectively, AICT, AIP, AIM, Mind Fusion, and ByteWeavr, LLC |
| "Mind Fusion" | Mind Fusion, LLC |
| "Motion" or "Mot." | Counter-Defendants' Motion to Dismiss Amended Counterclaims of Cloudera Under Rule 12(b)(6), 12(b)(1) (Dkt. 61, Sept. 5, 2024) |
| "Non-Petitioning Entities" | Collectively, AICT, AIP, AIM, and Mind Fusion |
| "Policy Statement" | Policy Statement Regarding the Scope of Unfair Methods of Competition Under Section 5 of the Federal Trade Commission Act, Commission File No. P221202 (Nov. 10, 2022) |
| "PTO" | United States Patent and Trademark Office |
| "RRA" | Republic Registered Agent, LLC a.k.a. Republic Register Agent, LLC |

## I.   <u>INTRODUCTION</u>

Cloudera properly joined the Non-Petitioning Entities, the entities that created Byteweavr and orchestrated this case from the outset.  Cloudera provides almost 50 pages of detailed factual allegations showing ByteWeavr is an undercapitalized patent assertion entity designed to extract settlements while shielding Non-Petitioning Entities from liability for attorneys' fees for filing this case that is entirely without merit.  Byteweavr will be unable to pay those fees because it was designed, by Non-Petitioning Entities, to be judgment-proof.  For all their accusations that Cloudera's counterclaims are "wild" and "designed only to harass," Non-Petitioning Entities never deny this basic fact—that they created ByteWeavr specifically to shield themselves from the consequences of filing a baseless patent case.  Cloudera's counterclaims are a legitimate means to avoid the unjust result of Non-Petitioning Entities' scheme.  The counterclaims ensure the real parties in interest behind this case, who own and/or have substantial rights in the patents, are joined to the case and pay in the event this Court awards fees.

Cloudera alleges two separate and independent bases for joining Non-Petitioning Entities to the case—declaratory judgment and state law counterclaims.  Both assert plausible claims for relief.  With respect to the declaratory judgment counterclaims, Non-Petitioning Entities' sole argument is that Cloudera lacks standing.  Not so.  Non-Petitioning Entities: are alter egos of and in joint enterprise with ByteWeavr, and each other; are the true patent owners; and retained reversionary rights and control over the patents and their assertion.  With respect to Cloudera's state law unfair competition and conspiracy claims, Non-Petitioning Entities assert preemption and *Noerr-Pennington* immunity—doctrines which could only aid Non-Petitioning Entities had they actually petitioned the court or performed acts reasonably attendant to that petition.  The conduct Cloudera targets by its counterclaims—private, pre-suit, unfair acts to *avoid appearing before the Court* in an improper effort to evade liability for fees—is the *opposite* of the petitioning activity

these doctrines are designed to protect.  In any event, Cloudera sufficiently alleges this action is a bad faith, sham litigation to defeat preemption and *Noerr-Pennington* immunity.  Cloudera sufficiently pled the requisite elements for unfair competition and civil conspiracy.  And contrary to Non-Petitioning Entities' position, the Rule 9(b) pleading standard does not apply to Cloudera's allegations of unlawful conduct.

Finally, the Motion should be denied for the independent reason that it ignores the motion to dismiss standard and depends upon the Court adopting Non-Petitioning Entities' view of the facts, rather than treating Cloudera's allegations as true.  For example, Non-Petitioning Entities simply insist Cloudera's detailed and supported allegations regarding their coordinated efforts are wrong.  Non-Petitioning Entities also disagree their claims are meritless, despite Cloudera's detailed allegations to the contrary.  The Counterclaims assert hotly disputed factual issues not amenable to an early motion to dismiss.  And because they must be taken as true, they state claims on which relief can be granted.  The Motion should be denied.

## II.  <u>BACKGROUND</u>

### A.  <u>ByteWeavr's Baseless Patent Infringement Claims</u>

ByteWeavr is a shell entity created and controlled by Non-Petitioning Entities; entities controlled by two former employees of the patent assertion entity Intellectual Ventures (the former holder of the Asserted Patents).  *See* CC ¶¶ 9-22, 34-35.  ByteWeavr's sole purpose is to extort licensing revenue through meritless patent litigation—a business model that only works if ByteWeavr and the entities behind it are shielded from liability imposed by the patent statutes to deter such cases and compensate defendants.  *See* CC ¶¶ 79–80, 268–277.  Here, ByteWeavr asserted eight patents, seven that expired before filing this suit.  Because prior owners and licensees of the Asserted Patents did not mark practicing products, ByteWeavr was limited to asserting only

method claims for the expired patents.  And because Cloudera sells software customers use and deploy in customer environments, ByteWeavr cannot allege Cloudera directly infringes the claims.

True to its purpose of pursuing meritless cases to obtain nuisance-value settlements, ByteWeavr pushed forward through two motions to dismiss with ever-shifting theories. ByteWeavr first tried theories of indirect and divided infringement.  *See* CC ¶¶ 51-52.  When Cloudera showed those theories legally infirm and could not state a claim for relief, ByteWeavr shifted course, abandoning indirect and divided infringement, and adopted a new "testing" theory—with no support or any link to conceivable damages—and a theory based on a Federal Circuit case *SiRF* that applies to a narrow set of circumstances bearing no factual resemblance to this case.  *See id.* ¶¶ 53-56.  ByteWeavr's infringement contentions do not support these new theories, but instead harken back to the old theories despite ByteWeavr expressly dropping them. *Id.* ¶¶ 57-62.  ByteWeavr's shifting and legally insupportable theories are just one indication of many its claims are objectively and subjectively baselessness.  *See id.* ¶¶ 63–78 (explaining prior PTO rulings indicating invalidity and the absurdity of ByteWeavr's infringement reads).

## B. Cloudera's Counterclaims

Facing baseless patent claims from a judgment-proof shell entity immune to liability under 28 U.S.C. § 285, Cloudera brought its counterclaims, not to "defame" or "harass," but to bring the real parties in interest into this case and to avoid the unjust outcome of Non-Petitioning Entities' scheme—that Cloudera would be forced to litigate against a meritless eight-patent case with no hope of any recovery of attorneys' fees at the end.[1]

---

[1] At least two other companies, Creston Electronics and Databricks, brought similar claims against Counterclaim-Defendants in response to suits by ByteWeavr and other undercapitalized shell entities created by Non-Petitioning Entities.  *See Thinklogix, LLC v. Crestron Elecs., Inc.*, No. 23-cv-00844, Dkt. 12 (E.D. Tex., Dec. 4, 2023); *Databricks, Inc. v. Weisfield*, No. 24-cv-01417, Dkt. 1 (W.D. Wash., Sept. 6, 2024).

The intertwined nature of Counterclaim-Defendants, and Non-Petitioning Entities' control over ByteWeavr, are detailed in the Counterclaims. *See* CC ¶¶ 9-46. The entities are all controlled by the same two individuals, share corporate officers who execute common corporate records, share contact numbers, addresses, daily operations, and profits, and lack corporate formalities. *See id.* ¶¶ 23–36. Many Non-Petitioning Entities, like ByteWeavr, are undercapitalized, including by the lack of real property ownership, contingency fees and litigation funding, and the likely inability to pay patent maintenance fees. *See id.* ¶¶ 29–33. Non-Petitioning Entities' assignments of the Asserted Patents to ByteWeavr are limited, fail to transfer substantial rights, retain reversionary rights, and are unenforceable for lack of consideration among other reasons. *See id.* ¶¶ 37–49, 282–83. Despite these infirmities, Non-Petitioning Entities' recorded patent assignments with the PTO, falsely indicating ByteWeavr as the patent owner. *Id.* ¶ 283.

Cloudera brings declaratory judgment counterclaims of non-infringement, invalidity, and failure to comply with the marking statute 35 U.S.C. § 287, as licensees to the Asserted Patents did not mark, precluding pre-suit damages. *See id.* Counts I–XXIV. Unlike ByteWeavr, Non-Petitioning Entities are the *de facto* patent owners, some who were recorded as owners at the PTO during the relevant damages period, and some of whom maintain reversionary rights and financial stake in the patents. *See id.* ¶¶ 9-46. Cloudera also brings state law unfair competition and civil conspiracy claims targeting Non-Petitioning Entities' unfair and unlawful scheme that harms Cloudera, including actions of bad faith patent assertion and the use of litigation to extort fees, violations of the FTC Act and Texas Business Code, and false statements to the PTO. *See id.* ¶¶ 267–96. Indeed, Non-Petitioning Entities concealed their scheme by violating Texas law: maintaining addresses at mailing service locations rather than registered offices and failing to have a registered agent available to receive process during normal business hours. *See id.* ¶¶ 32-33,

269–81.  Cloudera's civil conspiracy claims assert Non-Petitioning Entities' meeting of the minds and their steps taken to further their same scheme and unfair acts described above.  *Id.* ¶¶ 290–96.

### C.  Cloudera's Amended Counterclaims

On August 8, 2024, ByteWeavr and Non-Petitioning Entities moved to dismiss Cloudera's counterclaims.  *See* Dkts. 56, 57.  In response, Cloudera filed its amended Counterclaims to clarify and narrow the issues before the Court, and to address how ByteWeavr's theories shifted since Cloudera filed its original counterclaims.  *See* Dkt. 61.

Cloudera dropped RRA from the case because ByteWeavr acknowledged it completely *misrepresented ByteWeavr's ownership* on its Corporate Disclosure Statement, and that RRA was not in fact its owner.  *See* Corp. Disclosure Statement (Dkt. 3) ("Plaintiff is a wholly owned subsidiary of [RRA], which is itself a wholly owned subsidiary of Mind Fusion, LLC"); *see also* Am. Corp. Disclosure Statement (Dkt. 32).  That Cloudera dropped RRA from this case does not indicate "the baselessness of its counterclaims" (Mot. at 5), but instead illustrates ByteWeavr's fictive nature—a shell with ownership structure Non-Petitioning Entities do not understand.

Cloudera also removed ByteWeavr from the state law counterclaims in response to ByteWeavr's preemption and *Noerr-Pennington* arguments to streamline issues before the Court. As explained below, preemption and *Noerr-Pennington* do not apply to Non-Petitioning Entities, as those doctrines only benefit petitioners of the Court—and Non-Petitioning Entities, who engage in a scheme to *avoid* appearing before the Court, are not petitioners.  *See infra* Sec. IV.B.1-2. ByteWeavr answered Cloudera's declaratory judgment counterclaims.  *See* Ans. (Dkt. 62).

Cloudera's Counterclaims elaborated its allegations of bad faith patent assertion, including allegations to reflect how ByteWeavr's infringement theories shifted between Cloudera filing its original counterclaims and its Counterclaims in response to Cloudera's two motions to dismiss. *See supra* Sec. II.A; CC ¶¶ 51-62.  In response to ByteWeavr's misplaced argument that Cloudera's

state law counterclaims are subject to the Rule 9 heightened pleading standard, Cloudera removed the word "fraud" to clarify that its state law claims are unfair competition and civil conspiracy based on unlawful conduct, with the exception of Cloudera's argument that Non-Petitioning Entities defrauded the PTO. Finally, Cloudera added additional allegations to explain why Non-Petitioning Entities cannot claim protection by preemption and *Noerr-Pennington* (*see generally* CC ¶¶ 9-80)—allegations the impact of which were apparently lost on Non-Petitioning Entities, whose Motion demonstrates a complete misunderstanding of those doctrines.

Non-Petitioning Entities renewed their Motion asserting the same arguments from their first motion to dismiss Cloudera's original counterclaims. *See generally* Dkt. 61.

## III.   <u>LEGAL STANDARDS</u>

The Court must "accept[] all well-pleaded facts as true and view[] those facts … most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). Declaratory judgment claims are analyzed under the *Iqbal/Twombly* Rule 8 plausibility standard. *See, e.g.*, *Charis Engr., LLC v. BCCK Engr., Inc.*, No. 23-CV-84, 2024 WL 2990548, at *2 (W.D. Tex. Feb. 14, 2024) (denying motion to dismiss as declaratory judgment patent claims pled case and controversy, and state law claims pled bad faith patent assertion). Rule 9(b) applies to only fraud allegations within the claim, not the entire claim or non-fraud allegations therein. *See infra* Sec. IV.C.

## IV.   <u>ARGUMENT</u>

### A.   <u>Cloudera has Standing to Assert Its Declaratory Judgment Counterclaims</u>

Non-Petitioning Entities' sole challenge to Cloudera's declaratory judgment counterclaims is standing, incorrectly arguing no controversy exists between them and Cloudera. Mot. at 10. But Cloudera pled significant allegations showing Non-Petitioning Entities own and retain substantial rights in the Asserted Patents, including the right to recover damages during the relevant damages period and reversionary rights in the patents; have actual control over the patents' assertion; and

cause Byteweavr, as their tool, to assert their patents.  Cloudera also pled Counterclaim-Defendants are so inextricably intertwined with each other acting as alter egos and a joint enterprise that Non-Petitioning Entities are in fact the true patent owners.  In short, Non-Petitioning Entities' assert the patents against Cloudera, through ByteWeavr, creating a controversy and standing.

Determining standing requires evaluating ownership under the totality of the circumstances and if a party "in fact received all substantial rights from the patent owner." *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010); *Lone Star Silicon Innovs. LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) ("totality" of circumstances).  Reversionary rights indicate not all rights transferred.  *Alfred E. Mann Found. v. Cochlear Corp.*, 604 F.3d 1354, 1360–61 (Fed. Cir. 2010); *Lone Star*, 925 F.3d at 1233; *VirnetX, Inc. v. Microsoft Corp.*, 2008 WL 8894682, at *5–6 (E.D. Tex. June 4, 2008).  Rights to "supervise and control" transferee's activities indicate transferring less than all rights.  *Alfred E. Mann Found.*, 604 F.3d at 1360; *see Propat Int'l Corp. v. RPost*, 473 F.3d 1187, 1192 (Fed. Cir. 2007) (right to make litigation decisions indicates not all substantial rights transferred).  Retaining rights to proceeds also is "consistent with retaining ownership rights." *Propat Int'l*, 473 F.3d at 1190; *see VirnetX*, 2008 WL 8894682, at *3.  Attaching obligations to subsequent assignees does not assign all rights.  *Lone Star*, 925 F.3d at 1232.

Cloudera pled Non-Petitioning Entities own the patents, because they use shell companies, straw-man holding, and unenforceable agreements alleging to transfer patent ownership.  *See* CC ¶¶ 9-46, 282-83.  In reality, Non-Petitioning Entities, such as AIP, purchased the patents for itself and its use in the greater patent assertion scheme, falsely purporting to transfer listed ownership to AICT and Mind Fusion and then to ByteWeavr, and recording those assignments with the PTO. *See id.* ¶¶ 37-46, 282-83.  Because the patent assignments to AICT and Mind Fusion, and then to ByteWeavr, are meaningless, true ownership rests with the collective of the Non-Petitioning

Entities, or at least AIP as the mastermind controlling litigation. *See id.* ¶¶ 18-22.[2]  Additionally, Cloudera pled the Asserted Patents' purported assignments have reversionary ownership rights, shared profits, and that those obligations attach to any subsequent assignee. *See* CC ¶¶ 34, 37–46. Counterclaim-Defendants' singular identity also shows Non-Petitioning Entities have control over and decision-making authority for patent assertion, litigation conduct, and patent maintenance fees. *See* CC ¶¶ 9–36.  Accordingly, the totality of these circumstances illustrates ByteWeavr did not receive all rights to the Asserted Patents and is not their sole owner.  As such, these entities held patents during the damages period, thus requiring Cloudera to get a declaration from them for non-infringement and compliance with the marking statute.

Separately, Cloudera also has standing to pursue its declaratory judgment counterclaims against Non-Petitioning Entities because Non-Petitioning Entities are alter egos of, and in a joint enterprise with, ByteWeavr.  Cloudera pled the relevant factors to establish alter ego status: common ownership; common directors or officers; common business departments; financing other entities; entities creating each other; operating with inadequate capital; other entities pay expenses of others; entities receive no business except that given to it by other entities; shared property; and shared daily operations.  *See* CC ¶¶ 9–46; *Gundle Lining Const. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 209 (5th Cir. 1996) (setting out relevant factors to alter ego analysis).  Cloudera also pled joint enterprise, which "makes each party thereto the agent of the other and thereby to hold each responsible for … the other." *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W. 3d 444, 452 (Tex. 2008).  Joint enterprise applies:

---

[2] The assignment records attached to the Motion hold no weight.  Mot. at 11.  They are self-serving as "labels given by the parties [that] do not control." *A123 Sys., Inc.*, 626 F.3d at 1218.  And recording an assignment does not determine "validity of the document or the effect that document has on the title."  37 C.F.R. § 3.54.  Because Non-Petitioning Entities own and retain substantial rights in the Asserted Patents, a case and controversy exists between them and Cloudera.

> when the corporate form has been used as part of a basically unfair device to achieve an inequitable result. Specifically … : (1) when the fiction is used as a means of perpetrating fraud; (2) where a corporation is organized and operated as a mere tool or business conduit of another corporation; (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation; … (5) where the corporate fiction is used to circumvent a statute; and (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Id.* at 454. Cloudera pled facts showing each above identified ground to find joint enterprise liability. *See* CC ¶¶ 37–46, 282–83 (fraud on PTO), 9–22, 37–46 (entities mere tools), 23–46, 282–83 (evading legal obligation liability to enforce patent by true owners by placing recorded ownership in ByteWeavr's name), 9-80 (scheme created to circumvent Section 285 and foreclose liability and Cloudera's recovery to entice Cloudera to pay nuisance license fee).

In sum, because Byteweavr lacks all substantial rights in the Asserted Patents, with Non-Petitioning Entities as their true owners, and because Counterclaim-Defendants are alter egos of and in joint enterprise with each other, Non-Petitioning Entities have substantial rights in the patents and cause Byteweavr to assert them against Cloudera causing harm. Therefore, Cloudera has standing because a case and controversy exists between Cloudera and Non-Petitioning Entities.

**B. Cloudera's State Law Claims are Not Preempted and *Noerr-Pennington* Immune**

Non-Petitioning Entities incorrectly argue preemption and *Noerr-Pennington* immunity bar Cloudera's state law claims because they misunderstand the scope of those protections and the conduct Cloudera targets with its Counterclaims. Cloudera's claims focus on Non-Petitioning Entities' private, pre-suit conduct carrying out unlawful and unfair acts to *not petition the Court* and evade liability, depriving Cloudera the ability to recover, as opposed to obtain an award for, its fees. In short, Non-Petitioning Entities removed Cloudera's right to become whole, as a fee award against ByteWeavr is useless. As such, Cloudera's claims and relief are not preempted and *Noerr* immune. And even if either doctrine applies, Cloudera sufficiently pled ByteWeavr's case

is a bad faith, sham litigation sufficient to defeat a motion to dismiss at this stage.

Cloudera also sufficiently pled the requisite elements for unfair competition and civil conspiracy. Unfair competition arises from "unlawful, unfair, or fraudulent" business conduct, not just fraud. Cloudera sufficiently pled several independent unlawful acts, *and* fraud on the PTO. Rule 9(b) does not apply to allegations of unlawful conduct; only to fraud allegations, for which Cloudera pled the who, what, where, when, and why.

### 1. Cloudera's State Law Claims are Not Preempted

Non-Petitioning Entities address federal preemption in just two paragraphs, and their cursory analysis is simply misguided. *See* Mot. at 12–14. Preemption is a two-step analysis, first determining whether it applies, and if so, whether the conduct targeted by the state law claim is in bad faith. *See Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332-33, 1336-37 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999). Preemption does not apply, and if it did, Cloudera pleads bad faith.

Non-Petitioning Entities wrongly argue that any state law claim bound up in questions of patent law, in any manner, is preempted. Mot. at 12–13. According to Non-Petitioning Entities, a state law unfair competition claim which implicates the meritless nature of patent claims is preempted by federal law. To support this proposition, Non-Petitioning Entities rely on a California state court case holding that a state court does not have subject matter jurisdiction to decide patent law issues. *See* Mot. at 13 (citing *Holiday Matinee, Inc. v. Rambus, Inc.*, 118 Cal. App. 4th 1413 (2004)).[3] This federal Court has subject matter jurisdiction to pass on issues of patent law, and *Holiday*'s holding is entirely irrelevant to the preemption question before the Court:

---

[3] Non-Petitioning Entities' other cited authority is similarly inapposite. *Christianson v. Colt Indus. Operating Corp.*, 108 S. Ct. 2166 (1988), like *Holiday*, involves jurisdiction issues. And *Texas v. United States*, 523 U.S. 296, 300 (1998), addresses whether a claim is ripe, which is not present here. Counterclaim-Defendants' conduct already harmed Cloudera.

whether a *federal court* is precluded from hearing a state law tort counterclaim that implicates issues of patent law.  The answer to that question is unequivocally "no."  Federal courts are allowed to rule on issues of patent law bound up in state law claim.  *See, e.g.*, *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998) ("a state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state law cause of action includes additional elements not found in the federal patent law cause of action and is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law").  If preemption precluded federal courts from hearing counterclaims relating to assertions of patent infringement, then doctrines such as *Noerr-Pennington*, which grants immunity to the assertion of patent infringement under certain circumstances, and the cases allowing state law tort claims based on bad faith assertions of patent infringement, would not exist. *See, e.g.*, *Breckenridge Pharms, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1369 (Fed. Cir. 2006) (vacating summary judgment of unfair competition claims); *Concept Design Elecs. and Mfg., Inc. v. Duplitronics, Inc.*, 52 F.3d 342 (Fed. Cir. 1995) (affirming verdict finding unfair competition); *Universal Entm't Corp. v. Aruze Gaming Am., Inc.*, No. 18-cv-00585, 2020 WL 2840153, at *26 (D. Nev. May 30, 2020) (denying motion to dismiss sham litigation antitrust counterclaim).

Non-Petitioning Entities also cite *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).  *Globetrotter* is inapplicable to this case.  As discussed further below with respect to the *Noerr-Pennington* doctrine, *Globetrotter* related to "a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Id.* at 1377.  *Globetrotter* stands for only the proposition that "federal patent law preempts state-law tort liability for a patentholder's good faith communications asserting infringement. *Id.* at 1374; *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*,

No. 16-cv-403, 2017 WL 3821107, at *7-10 (D. Del., Aug. 31, 2017) (interpreting *Globetrotter* limited to pre-suit communications). Non-Petitioning Entities cannot benefit from this holding. They are non-petitioners who actively took steps to avoid appearing before the Court, including acting in bad faith, engaging in fraud on the PTO, and committing Texas Business Code violations.

Even had Non-Petitioning Entities shown preemption should apply here—they did not—Cloudera adequately pled bad faith. Cloudera explains in detail, based on public documents equally available to Non-Petitioning Entities, why the Asserted Patents are invalid, Cloudera does not infringe them under any infringement theory, and Non-Petitioning Entities did not conduct a reasonable pre-suit investigation. *See* CC ¶¶ 47–78. Cloudera also pled ByteWeavr, with Non-Petitioning Entities, asserts the patents with subjective bad faith because they know their claims are meritless, but still intentionally created a scheme to assert them without liability only to extort licensing fees derived from filing this action. *See* CC ¶¶ 47–49, 79–80.

The Court must accept these allegations as true "[a]t this stage of the proceedings" since Cloudera "is not required to prove that its allegations of bad faith are in fact true." *Pilot Inc. v. NOCO Co. Inc.*, No. 20-cv-01452, 2021 WL 2188525, at *5 (D. Ariz. Feb. 12, 2021) (finding defendant adequately pled bad faith). Accordingly, dismissal is premature because "[c]ourts that have considered the question of preemption by the patent laws have often done so at later stages of the litigation." *Southco, Inc. v. Fivetech Tech. Inc.*, No. 10-cv-1060, 2011 WL 13137336, at *1 (E.D. Pa. Apr. 27, 2011) (denying motion to dismiss); *see Gleason Works v. Oerlikon Geartec*, AG, 141 F. Supp. 2d 334, 338-39 (W.D.N.Y. 2001) (deferring decision on, but not dismissing, bad faith claim; explaining summary judgment "is premature because it would be more productive and less wasteful to consider the unfair competition counts after the primary issues of infringement and validity have been addressed"). In sum, whether preemption applies or not, because Cloudera

pleads bad faith, Cloudera's state law claims should move forward.

### 2. *Noerr-Pennington* Does Not Bar Cloudera's State Law Claims

*Noerr-Pennington* protects parties that petition the Court.  *Noerr* does not protect non-petitioning entities that commit private, unlawful and fraudulent acts to avoid appearing before the Court and liability for fees, and to deprive a defendant of its ability to become whole.  Non-Petitioning Entities cite no case to the contrary, and Cloudera is aware of none.  Because Cloudera's state law claims target Non-Petitioning Entities' unprotected pre-suit activity, *Noerr* does not apply.  But if it does, Cloudera pled sham litigation permitting Cloudera's claims to proceed.

Non-Petitioning Entities assume, without any analysis, *Noerr-Pennington* immunity protects them.  *See* Mot. at 14.  It does not.  As Non-Petitioning Entities note, *Noerr* traditionally applies to "protect[] patentee's filing of a patent lawsuit from antitrust scrutiny."  *Id.*  It also can protect incidental acts "reasonably and normally attendant upon effective" petitioning.  *Globetrotter Software*, 362 F.3d at 1376.  Reasonably "attendant" conduct includes pre-suit demand letters, discovery communications, settlement discussions, and threats to litigate.  *See In re Nexium (Esomeprazole) Antitrust Litig.*, 968 F. Supp. 2d 367, 396 (D. Mass. 2013) (collecting cases).  Setting up an elaborate scheme to avoid petitioning and liability, and to deprive Cloudera's recovery is not "reasonably and normally attendant" to litigation.

Indeed, *Noerr* and *Pennington* contemplate that not all pre-suit acts are protected, and acknowledges protected petitioning activity may be part of a larger unlawful course of conduct that is not immune.  *See* 365 U.S. 127, 144 (1961); 381 U.S. 657, 671 n.4 (1965).  In other words, immunized litigation does not alone immunize other conduct.  *See City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 384 (1991) (scheme included other "private" activities such as trade libel, setting artificially low rates, and inducement to breach contract).  Moreover, "violations do not become immune simply because the defendants used legal means ... to enforce

the violations." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1265 (9th Cir. 1982).  Even in cases where the claim relates to court statements—petitioning activity—if "the heart of" the claim focuses on private activity, *Noerr* does not apply.  *See Chipman v. Nelson*, No. 11-cv-2770, 2013 WL 1007285, at *13 n.14 (E.D. Cal. Mar. 13, 2013).

Many cases find pre-suit acts not "reasonably and normally" attendant to litigation, even when the *petitioner itself* is doing them.  *See, e.g.*, *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707 (1962) ("[p]rivate commercial activity."); *Prof. Real Est. Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 72 n.5 (1993) (same); *Andrx Pharms., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 816, 818 (D.C. Cir. 2001) (private settlement and "purely private conduct"); *Clipper Exxpress*, 690 F.2d at 1263-64 (unlawful overall scheme); *10x Genomics, Inc. v. Vizgen, Inc.*, 654 F. Supp. 3d 310, 327-28 (D. Del. 2023) ("bad faith business practices predating the lawsuit"); *United States v. Singer Mfg. Co.*, 374 U.S. 174, 194-95 (1963) (unlawful agreements); *In re Nexium*, 968 F. Supp. 2d at 396-97 (reverse payment agreements for generic drugs, despite court entering consent judgment allowing settlement); *Nuance Commun., Inc. v. MModal LLC*, No. 17-cv-1484, 2018 WL 6804488, at *3-4 (D. Del. Dec. 27, 2018) (press releases and blog posts), *report and recommendation adopted*, 2019 WL 181322 (D. Del. Jan. 11, 2019) (citing cases).  In some situations, the sole act of obtaining patents can incur antitrust liability.  *See* 15 U.S.C. § 2, 18; *Kobe, Inc. v. Dempsey Pump Co.*, 198 F.2d 416, 422-24 (10th Cir. 1952) (attempting to acquire "every important patent" in industry); *Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1557 (Fed. Cir. 1997).  That is so because the actionable conduct occurs pre-suit and the subsequent litigation is simply a lawful tool to reap rewards from unlawful conduct.  *See, e.g.*, Decision & Order, *In re Biovail Corp.*, No. C-4060 (F.T.C. Oct. 2, 2012) (ordering divestiture of illegally acquired exclusive patent license).

Against the foregoing backdrop, Non-Petitioning Entities' pre-suit, private, unlawful conduct to specifically avoid petitioning the Court by forming judgment proof shell companies, entering non-*bona fide* transactions and committing fraud on the PTO to obtain the patents, and violating Texas Business laws, are not legitimate, reasonably attendant conduct to assist ByteWeavr's petition.  Indeed, the conduct is to extort licensing fees by abusing the Court, patent, and corporate systems.  Cloudera is not aware of any case finding *Noerr-Pennington* applies here.

Should *Noerr-Pennington* apply, Cloudera sufficiently pled two forms of sham litigation: bad faith and intentional misrepresentations.  The bad faith exception requires both objective and subjective bad faith, which Cloudera pled as described above regarding preemption.  *See supra* Sec. IV.B.1.  Cloudera also pled "concealment" in Non-Petitioning Entities' pre-suit scheme to create shell entities, covertly harm Cloudera for its inability to recover, and hide from petitioning the Court.  *See generally* CC ¶¶ 9-48.  Non-Petitioning Entities' conduct also interferes' with Cloudera's business and causes harm for which Cloudera, thanks to Non-Petitioning Entities' machinations, will not recover without the counterclaims.  *See id.* ¶¶ 9, 87, 284-286.[4]

Cloudera also sufficiently pled "intentional misrepresentations," another exception other Circuits adopted (though the Fifth and Federal Circuits have not yet weighed in).  *See Nobelpharma AB v. Implant Innovs., Inc.*, 141 F.3d 1059, 1071 (Fed. Cir. 1998) (citing Ninth and D.C. Circuit opinions adopting exception); *Constr. Cost Data, L.L.C. v. Gordian Grp., Inc.*, 814 Fed. Appx. 860, 868 n.27 (5th Cir. 2020) ("we need not decide whether misrepresentations and

---

[4] Non-Petitioning Entities also suggest the harm must be between competitors.  Mot. at 15.  But, as the case law makes clear, the competitor requirement should apply only in the context of antitrust claims.  *See, e.g.*, *Prof. Real Estate Invests.*, 508 U.S. at 56.  Moreover, *Noerr-Pennington*'s purpose is to protect First Amendment rights to petition generally.  *Id.*  Thus, limiting the exception to only between competitors in antitrust suits eliminates protection against sham cases between non-competitors in any other case and for any other claims.

false statements can be immunized"). As a practical and equitable matter, the exception should apply here. Non-Petitioning Entities committed fraud on the PTO. *See* CC ¶¶ 37-46, 282-83. Then, in this case, ByteWeavr admitted in its filings it will pursue only *SiRF* and internal testing infringement theories, but simultaneously alleged theories in its infringement contentions which ByteWeavr expressly abandoned. *See id.* ¶¶ 51-62. These deceptions cannot stand, and the Court should strip away the *Noerr-Pennington* immunity Non-Petitioning Entities claim to have.

Dismissal under *Noerr-Pennington* at this stage is premature. *Noerr* is a factual affirmative defense that should not be decided on a motion to dismiss unless the defense "appear[s] on the face of the pleadings." *Wolf v. Cowgirl Tuff Co.*, No. 15-cv-1195, 2016 WL 4597638, at *8-9 (W.D. Tex. Sept. 2, 2016) (Pitman, J.) (denying motion to dismiss). Indeed, only in "'relatively rare circumstances [are] facts sufficient to rule on an affirmative defense'" in the complaint. *Id.* at n.7 (citation omitted); *see also NAPCO, Inc. v. Landmark Tech. A, LLC*, 555 F. Supp. 3d 189, 215 (M.D.N.C. 2021) (declining immunity on motion to dismiss because "question of fact"); *FTC v. Shire ViroPharma Inc.*, No. 17-cv-131, 2018 WL 1401329, at *7 (D. Del. Mar. 20, 2018) (sham litigation "is a factual inquiry, which cannot be resolved at the motion to dismiss stage"). Because Cloudera sufficiently pled a sham, the Court should permit its state law counterclaims to proceed.

### C.  Cloudera Sufficiently Pled Unfair Competition and Civil Conspiracy

Non-Petitioning Entities incorrectly argue Cloudera's claims as a whole sound in fraud, requiring Rule 9(b) pleadings. Mot. at 16. Rule 9(b), however, applies only to fraud allegations, not the remaining portions of an otherwise valid claim that alleges non-fraud conduct. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) ("allege[s] some fraudulent and some non-fraudulent conduct," "only the allegations of fraud are subject to Rule 9(b)"); *see also Tracy Anderson Mind*

16

*& Body, LLC v. Roup*, No. 22-CV-4735, 2022 WL 17670418, at *7 (C.D. Cal. Dec. 12, 2022).

Rule 9(b) is "relaxed" where facts are "peculiarly within the perpetrator's knowledge." *U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999).  Cloudera pled just one fraud, Non-Petitioning Entities' fraud on the PTO, and does so with particularity.  Cloudera's other allegations targeting unlawful conduct require only Rule 8 plausibility, which Cloudera met.[5]

### 1. Cloudera Sufficiently Pled Unfair Competition with Additional Unlawful Acts and Additional, Separate Fraudulent Conduct

Cloudera plausibly pled unfair competition under California and Texas law.  California law targets an "unlawful, unfair or fraudulent business act or practice" that harms Cloudera.  CA Bus. & Prof. Code §§ 17200, 17204; *see Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 838-39 (1994) (discussing differences between "unlawful, unfair, and fraudulent").  Unlawful practice is violating any law while conducting business.  *See id.*; *Clerkin v. MyLife.com, Inc.*, No. 11-cv-00527, 2011 WL 3607496, at *6 (N.D. Cal. Aug. 16, 2011).  Similarly, Texas law targets conduct "'contrary to honest practice in industrial or commercial matters' … requiring 'a viable underlying tort or other illegal conduct.'"  *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 286 (Tex. App.--Tyler 2021) (citation omitted).  Cloudera pled Non-Petitioning Entities committed several unlawful and tortious acts during their scheme harming Cloudera.

***Non-Petitioning Entities' shell scheme and bad faith infringement suit.***  Bad-faith

---

[5] Non-Petitioning Entities also incorrectly state Cloudera's claims focus on ByteWeavr's conduct and Cloudera does not plead alter ego.  Mot. 17.  Non-Petitioning Entities again miss the target of Cloudera's unfair competition claim, which is Non-Petitioning Entities' private, pre-filing conduct depriving Cloudera the ability to recover its fees.  In any event, Cloudera pled alter ego and joint enterprise.  *See supra* Sec. IV.A.  NPEs also misunderstand the relevance of litigation funding in this case.  Mot. 18.  Their *Fleet Connect* and *Lower48 IP* cases are inapposite because they deal with an unsupported standing challenge, relevance, and recusal under 28 U.S.C. § 455.  Here, Cloudera pled standing, showing divided patent rights.  Funding agreements are relevant to alter ego and the intent to assert claims without liability.  And no recusal issue is apparent at this time.

infringement suits are tortious conduct. *See Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1305 (Fed. Cir. 2018) (affirming verdict finding bad faith assertion). Cloudera pled Non-Petitioning Entities created their scheme to impose an unjust result on Cloudera by creating a pyramid of straw-man, undercapitalized, shell entities to conduct nefarious business on their behalf, shield them from liability, and use that structure as leverage in their bad faith patent assertion business, in which they caused, through ByteWeavr, to file this case. *See generally* CC ¶¶ 10-80. Cloudera pled the patents are invalid and the infringement claims are meritless under any theory. *See id.* ¶¶ 51-78. Knowing their claims are meritless and that any recovery they could get would be minuscule—which they will not get—Non-Petitioning Entities use the process of litigation, not its merit, to extract money because their intent is to disrupt business, distract employees, and force a settlement, as Cloudera knows it cannot recover fees from ByteWeavr. *See id.* ¶¶ 9-36, 79-80. These allegations alone are sufficient to support Cloudera's claim. The following unlawful acts merely provide additional grounds to impose liability.

**FTC Violation.** Non-Petitioning Entities' argument that FTC Section 5 has no private cause of action is without merit. Mot. at 19. "It is not necessary that the predicate law provide for private civil enforcement," because unfair competition law "'borrows' violations of other laws and treats them as unlawful practices [that are] independently actionable." *Saunders*, 33 Cal. Rptr. at 441. Since Non-Petitioning Entities' conduct violates Section 5 and harms Cloudera, Cloudera has a viable claim. Section 5 declares unlawful any "unfair methods" and "unfair or deceptive acts or practices in or affecting commerce," and encompasses "broader concepts than the common-law idea of unfair competition." *See* Policy Statement at 1 n.3 (collecting cases). Section 5 protects "against various types of unfair or oppressive conduct in the marketplace." *Id.* at 3 (citing legislative history). "[H]olding companies," like ByteWeavr, that intend "to restrain substantial

competition" is such conduct.  *Id.* at 4 n.16 (citing legislative history).  The "misuse of regulatory processes that can create or exploit impediments to competition (such as those related to licensing [and] patents" can be involved in the unfair method).  *See id.* at 8.  Collusion in a common scheme also constitutes actionable conduct.  *See id.* at 12 n. 71.  Accordingly, Non-Petitioning Entities' scheme to create shell entities, enter unenforceable assignments, commit fraud on the PTO, and extort and deprive Cloudera the ability to become whole, is a Section 5 unfair act, which Cloudera pled.  *See* CC ¶¶ 9-80, 268-286.

**Texas business code violation.**  Non-Petitioning Entities misinterpret the Texas Business Code.  Mot. at 19.  The code applies to them because they are "filing entities" required to maintain a registered agent and office.  Sec. 5.201(a).[6]  Sections (c)-(d) state the registered office "may not be solely a mailbox service" and the registered agent for service of process must be available during regular business hours.  Cloudera pled Non-Petitioning Entities violated this statute because their offices are mailbox services located at UPS stores and a building where deliveries are left.  *See* CC ¶¶ 33, 278-81, 279.  And Non-Petitioning Entities do not dispute RRA, their registered agent, was unavailable to accept service during normal business hours, constituting a violation of Section (d).  *See ibid.*  Moreover, these violations help conceal Non-Petitioning Entities' scheme.

**Fraud on the PTO.**  Non-Petitioning Entities committed fraud on the PTO, which itself is actionable and harms the public.  *See Nobelpharma AB*, 141 F.3d at 1070 (collecting cases).  Cloudera pled who (Non-Petitioning Entities); what (deceived PTO and public); where (at PTO); when (agreement and PTO filing dates); why (to further no-liability patent extortion scheme); how (non-*bona fide* agreements alleging to assign patents and filing false assignments with the PTO);

---

[6] "Filing entity" is a "domestic entity."  Tex. Bus. Org. Code § 1.002 at (22).  A "Foreign filing entity" is a "foreign entity … that registers or is required to register as a foreign entity."  *Id.* at (29).  NPEs are Texas companies, registered in Texas, or control those entities.  *See* CC ¶¶ 9-22.

Non-Petitioning Entities knew the assignments and filings were false and filed them to further their scheme; and the PTO relied on and accepted those filings as true, thus harming the PTO and public by misleading them to think ByteWeavr owns the Asserted Patents.  *See* CC ¶¶ 37-46, 282-83.

Each above act creates liability for Non-Petitioning Entities' harm to Cloudera.[7]

### 2.  Cloudera Sufficiently Pled Conspiracy

Non-Petitioning Entities summarily challenge Cloudera's conspiracy claim on the same grounds as Cloudera's unfair competition claim as preempted, *Noerr-Pennington* immune, and failure to plead fraud under Rule 9(b).  Mot. at 20.  As described above, Cloudera's claims are not preempted or *Noerr* immune.  They target private, non-petitioning activity, and the claims are asserted in bad faith.  Non-Petitioning Entities misapply *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 774 (Tex. 1995), as it deals with personal jurisdiction over a conspiracy claim based on legitimate petitioning activity to a federal agency—not the case here.

Cloudera pled all elements of its unfair competition claims under the requisite pleading standards: Rule 8 for Non-Petitioning Entities' unlawful business conduct, and Rule 9(b) for their fraud on the PTO, each harming Cloudera.  *See* CC ¶¶ 268-286.  Cloudera incorporated these acts into its conspiracy claim, *see id.* ¶¶ 290-95, further alleging Non-Petitioning Entities agreed "to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means."  *Nat'l Indus. Sand Ass'n*, 897 S.W.2d at 774.  These allegations state a claim for conspiracy, and Non-Petitioners do not substantively contend otherwise.

### V.  CONCLUSION

For the reasons stated herein, the Court should deny Non-Petitioning Entities' Motion.

---

[7] To the extent Non-Petitioning Entities' claim Cloudera is not harmed, that is not correct. Cloudera pled unrecoverable fees to defend; "injury to downstream price, quality, innovation, and consumer choice;" and business interference and harm to its customers.  *See, e.g.*, CC ¶¶ 284-86.

Dated:  October 3, 2024

By:   */s/ Paul E. Torchia*

Paul E. Torchia (*admitted*)
Brian A. Rosenthal (*admitted*)
Laura F. Corbin (*admitted pro hac vice*)
Eric A. Menist (*admitted*)
Jaclyn Hellreich (*admitted pro hac vice*)
Karl Kowallis (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035
ptorchia@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com
emenist@gibsondunn.com
jhellreich@gibsondunn.com
kkowallis@gibsondunn.com

Paige Arnette Amstutz
Texas State Bar No. 00796136
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  512.495.6300
Facsimile:  512.495.6399

*Attorneys for Defendant Cloudera, Inc.*

21

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 3, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

<u>/s/  *Paul E. Torchia*                          </u>

Paul E. Torchia